# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Kendra McKenzie,

    Plaintiff(s),

v.

Homero Nino Munoz,

    Defendant(s).

Case No. 2:25-cv-02170-NJK[1]

**ORDER**

Defendant removed this case to federal court on diversity jurisdiction grounds. Docket No. 1. Defendant identifies himself as a "resident of Nevada," *see id.* at 3,[2] which presumably renders removal improper under the local defendant rule: "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). As this is a procedural defect, as opposed to a jurisdictional defect, the Court will not *sua sponte* remand to state court. *Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 940, 942 (9th Cir. 2006). Instead, <u>Plaintiff is **ORDERED** to file a notice, no later than November 13, 2025, whether she wishes the case to be remanded back to state court.</u>

IT IS SO ORDERED.

Dated: November 5, 2025

                                                Nancy J. Koppe
                                                United States Magistrate Judge

---

[1] This case is proceeding before the undersigned magistrate judge as part of the opt-out consent program. *See* Docket Nos. 6-7; *see also* Gen. Order 2023-11.

[2] The removal statute turns on the parties' citizenship, not residency. 28 U.S.C. § 1332(a)(1). Although there is some similarity in those concepts, they are not the same. *See Kanter v. Warner-Lambert Co.*, 265 F. 3d 853, 857 (9th Cir. 2001). Based on the information provided, however, the Court has no reason to believe that Defendant is a citizen of any state other than Nevada. If Defendant contends that he is not a <u>citizen</u> of Nevada, he must immediately file an amended petition for removal so explaining.